UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARLOS ROMIOUS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-2791** |
| **CORNELL, ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court are the following Motions: (1) Motion to Dismiss filed by Brooks and Associates, LLC, Chris Brooks, and Thomas Brooks (the "Brooks Defendants") (R. Doc. 14); (2) Motion to Dismiss filed by Michael Yenni and Steven Caraway (the "Kenner Defendants") (R. Doc. 28); (3) Motion to Dismiss filed by Brian Cornell (R. Doc. 29); (4) Motion to Dismiss filed by Kevin Centanni, Roscoe Lewis, Eugene Fitchue, Charlie Kerner, and Vernon J. Wilty, III (the "Justice of the Peace Defendants") (R. Doc. 32).

For the following reasons, the Motions are GRANTED. Plaintiff Carlos Romious' claims against Moving Defendants are DISMISSED WITH PREJUDICE.

1

**BACKGROUND**

On November 10, 2011, Plaintiff filed a Complaint seeking a monetary award in the amount of $500 trillion; specific performance of an alleged contract; perpetual possession of two pieces of realty; punitive damages; and treble damages. (R. Doc. 1 ¶18.) The Complaint names sixteen defendants: the unidentified director of the Social Security Administration; nine Louisiana state court judges; the Mayor of Kenner; the Chief of Police of Kenner; a real estate company; two individuals associated with the real estate company; and the former president and CEO of Sam's Club. (R. Doc. 1.) Plaintiff alleges various violations of state and federal laws, including breach of contract; intentional infliction of emotional distress; negligent infliction of emotional distress; violations of the federal "RICO" statute (18 U.S.C. § 1961 *et seq.*); assault; deprivation of Plaintiff's rights under 42 U.S.C. § 1983; false imprisonment; libel; slander; unlawful eavesdropping and/or wiretapping. (*Id.*) Plaintiff has filed at least five lawsuits in federal court alleging generally the same causes of action against the same defendants and seeking the same general remedies.[1] All of these suits have been dismissed.

The Brooks Defendants filed a Motion to Dismiss on May 10, 2012, for failure to state a claim upon which relief can be granted. (R. Doc. 14.) The Motion was set for submission on June 27, 2012. (*Id.*) The Kenner Defendants filed a Motion to Dismiss on May 25, 2012, for failure to

---

[1] *See generally Romious v. Brooks and Assocs., Inc., et al.*, No. 11–2790; *Romious v. Brooks and Assocs., Inc., et al.*, No. 11–3033; *Romious v. Hunter, et al.*, No. 12–77; *Hadad, et al v. Giacobbe, et al.*, No. 12–568; *Romious v. Nixon, et al.*, No. 12–13.

state a claim upon which relief can be granted. (R. Doc. 28.) The Motion was set for submission on June 27, 2012. (*Id.*) Brian Cornell filed a Motion to Dismiss on May 29, 2012, for failure to state a claim upon which relief can be granted, lack of personal jurisdiction, and insufficient service of process. (R. Doc. 29.) The Motion was set for submission on June 27, 2012. (*Id.*) The Justice of the Peace Defendants filed a Motion to Dismiss on June 15, 2012, for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. (R. Doc. 32.) The Motion was set for submission on July 11, 2012. (*Id.*) Plaintiff has not opposed *any* of these Motions.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S. Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action'" will not suffice.  *Iqbal*, 129 S. Ct. at 678 (quoting *Twombly*, 550 S. Ct. at 1955).  Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.  *Lormand*, 565 F.3d at 255–57.  If it is apparent from the face of the complaint that the plaintiff is not entitled to relief, the court must dismiss the claim.  *Jones v. Bock,* 549 U.S. 199, 215 (2007).

## LAW AND ANALYSIS

All Moving Parties seek dismissal for failure to state a claim under Rule 12(b)(6).  As the Court finds merit in this argument and dismisses Plaintiff's claims with prejudice, it does not reach any of the alternative arguments for dismissal offered by the Moving Parties.[2]

Plaintiff's Complaint utterly fails to satisfy the pleading requirements of Rule 8(a)(2) as interpreted by the Supreme Court.  Plaintiff does not allege any specific facts whatsoever.  Instead, he lists a number of causes of action without providing any factual detail to substantiate his allegations.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not survive a Rule 12(b)(6) motion.  *Iqbal*, 129 S. Ct. at 678 (quoting *Twombly*, 550 S. Ct. at 1955).  Moreover, Plaintiff does not refer by name to any of the sixteen Defendants.  Rather, he alleges that Defendants are "jointly or

---

[2] The Justice of the Peace Defendants request sanctions pursuant to Rule 11(c).  (R. Doc. 32.) The Defendants, however, did not comply with the mandates of Rule 11(c)(2) which requires, *inter alia*, that "[a] motion for sanctions . . . be made separate from any other motion."  Fed. R. Civ. P. 11(c)(2).

severally" liable for each Count in the Complaint. Therefore, the Court dismisses Plaintiff's claims against the Moving Parties with prejudice for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons previously stated, the following Motions are granted: (1) Motion to Dismiss filed by the Brooks Defendants (R. Doc. 14); (2) Motion to Dismiss filed by the Kenner Defendants (R. Doc. 28); (3) Motion to Dismiss filed by Brian Cornell (R. Doc. 29); (4) Motion to Dismiss filed by the Justice of the Peace Defendants (R. Doc. 32). Plaintiff's claims against these Defendants are dismissed with prejudice.

New Orleans, Louisiana, on this 5th day of December, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**